Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Douglas Matthew Butterbaugh**
   Debtor(s)

Bankruptcy Case No.: 15–70705–JAD
Issued Per Mar. 9, 2017 Proceeding
Chapter: 13
Docket No.: 58 – 55, 56
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

   IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated December 30, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☒ H.   Additional Terms: The claim of M&T Bank at Claim No. 1–2 shall govern following all payment changes filed of record to date, the notice of payment change beginning January 2017.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: March 15, 2017

Jeffery A. Deller
United States Bankruptcy Judge

cc: All Parties in Interest to be served by Clerk in seven (7) days

```
                              United States Bankruptcy Court
                              Western District of Pennsylvania
In re:                                                                   Case No. 15-70705-JAD
Douglas Matthew Butterbaugh                                              Chapter 13
         Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0315-7             User: jhel                    Page 1 of 2              Date Rcvd: Mar 15, 2017
                                 Form ID: 149                  Total Noticed: 23


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 17, 2017.
db             +Douglas Matthew Butterbaugh,    337 Avalon Road,    Altoona, PA 16601-7438
14121167        Altoona Regional Health System,    620 Howard Avenue,    Altoona, PA 16601-4899
14121169       +Associated Credit Services, Inc.,    115 Flanders Road, Suite 140,    Westborough, MA 01581-1087
14121170        Capital One,    Attn: Bankruptcy,    P.O. Box 30285,    Salt Lake City, UT 84130-0285
14121171       #+Collection Service Center, Inc.,    1312A Pleasant Valley,    P.O. Box 68,
                 Altoona, PA 16603-0068
14121172       +Credit Control Collections,    2410 Broad Avenue,    Altoona, PA 16601-1940
14121173        Credit Protection Assoc. L.P.,    P.O. Box 802068,    Dallas, TX 75380-2068
14121174       +KML Law Group,    Attn: Alyk L. Oflazian, Esq.,    Suite 5000 - BNY Independence Center,
                 701 Market Street,    Philadelphia, PA 19106-1538
14150247        M&T BANK,    PO BOX 1508,    BUFFALO, NY 14240-1508
14121178        M&T Bank,    Attn: Bankruptcy,    1100 Worley Drive,    2nd Floor,    Williamsville, NY 14221
14121179        M&T Bank Lending Services,    P.O. Box 1288,    Buffalo, NY 14240-1288
14121180       +Main Street Acquisition,    2877 Paradise Road, Unit 30,    Las Vegas, NV 89109-5236
14121182       +Recievable Management Group,    P.O.Box 6070,    Columbus, GA 31917-6070
14166784       +UPMC Altoona,    6681 Country Club Drive,    Golden Valley MN 55427-4601

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14121166       +E-mail/Text: EBNProcessing@afni.com Mar 16 2017 01:28:22     AFNI, Inc.,    Attn: Bankruptcy,
                 P.O. Box 3097,    Bloomington, IL 61702-3097
14121168        E-mail/Text: DDREXLER@ARCFCU.ORG Mar 16 2017 01:27:08     ARC Federal Credit Union,
                 1919 Seventh Avenue,    Altoona, PA 16602-2237
14121165       +E-mail/Text: ebn@ltdfin.com Mar 16 2017 01:27:20     Advantage Assets II, Inc.,
                 7322 Southwest Freeway,    Suite 1600,    Houston, TX 77074-2134
14121164       +E-mail/Text: ebn@ltdfin.com Mar 16 2017 01:27:20     Advantage Assets II, Inc.,
                 c/o LTD Financial Services L.P.,    7322 Southwest Freeway Suite 1600,    Houston, TX 77074-2134
14121176        E-mail/Text: ebn@ltdfin.com Mar 16 2017 01:27:20     LTD Financial Services, L.P.,
                 P.O. Box 630769,    Houston, TX 77263-0769
14121175       +E-mail/Text: ebn@ltdfin.com Mar 16 2017 01:27:20     LTD Financial Services, L.P.,
                 7322 Southwest Freeway,    Suite 1600,    Houston, TX 77074-2134
14135247        E-mail/Text: camanagement@mtb.com Mar 16 2017 01:27:20     M&T BANK,    PO BOX 1288,
                 Buffalo, NY 14240
14121177        E-mail/Text: camanagement@mtb.com Mar 16 2017 01:27:20     M&T Bank,    P.O. Box 62182,
                 Baltimore, MD 21264-2182
14121181        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 16 2017 01:23:43
                 Portfolio Recovery Associates,    120 Corporate Boulevard,    Norfolk, VA 23502
                                                                                              TOTAL: 9

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             M & T BANK
                                                                                 TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 17, 2017                                          Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 15, 2017 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor   M & T BANK agornall@goldbecklaw.com,
               bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
              James  Warmbrodt    on behalf of Creditor   M & T BANK bkgroup@kmllawgroup.com
```

```
District/off: 0315-7           User: jhel              Page 2 of 2              Date Rcvd: Mar 15, 2017
                               Form ID: 149            Total Noticed: 23
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        Jon A. McKechnie    on behalf of Debtor Douglas Matthew Butterbaugh jmckechnie@shepleylaw.com, bk@shepleylaw.com
        Joshua I. Goldman    on behalf of Creditor    M & T BANK bkgroup@kmllawgroup.com
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com

        TOTAL: 6